[Civil No. 1695. Filed December 16, 1919.]

[185 Pac. 538.]

## JESUS YBANEZ, Appellant, v. S. LEEKER and S. LEEKER DRY GOODS COMPANY, a Corporation, Appellees.

1. APPEAL AND ERROR—TIME FOR PERFECTING APPEAL FROM ORDER GRANTING NEW TRIAL.—Under Civil Code of 1913, paragraph 1227, subdivision 2, authorizing an appeal from an order granting a new trial, paragraph 1228, defining final judgments and orders, as well as paragraph 1233, giving six months in which to appeal from a final judgment and sixty days from an order, an appeal from an order granting new trial must be taken within sixty days.

2. APPEAL AND ERROR—JURISDICTION OF APPELLATE COURT ON INEFFECTUAL APPEAL.—Where an appeal from an order granting new trial was not perfected within the time prescribed, the appellate court has no jurisdiction except its inherent jurisdiction to dismiss the appeal.

APPEAL from a judgment of the Superior Court of the County of Santa Cruz. W. A. O'Connor, Judge. Dismissed.

Messrs. Barry & Barry, for Appellant.

Messrs. Duffy & Purdum and Mr. Leslie C. Hardy, for Appellees.

CUNNINGHAM, C. J.—This action was commenced by the appellant to recover damages for malicious prosecution of a criminal, action against him, instituted and prosecuted by the defendants without probable cause. The plaintiff recovered a verdict and judgment. The defendants duly moved for a new trial, and the motion was, on the tenth day of April, 1918, granted on the grounds that the court committed error in instructing the jury by submitting to the jury the issue whether or not the defendants had probable cause to believe the plaintiff guilty of the criminal offense with which they had charged him and which prosecution and charge caused plaintiff the damages as he alleged.

On the eleventh day of September, 1918, the plaintiff gave notice of appeal from such order in open court, and on the tenth day of October, 1918, plaintiff filed an appeal bond. The said bond was filed and approved within six months after the order granting a new trial was made, and, had the order been a final judgment, an appeal would have been perfected on the date of filing the said bond.

However, appeals are permitted where the statute allowing appeals has been substantially followed. Paragraph 1227 (2), Civil Code of Arizona of 1913, gives an appeal "from an order granting . . . a new trial."

Paragraph 1233, Id.:

"An appeal may be taken from a final judgment of the superior court in a civil action, or special proceeding commenced in such court, at any time within six months after the rendition of such judgment, and from any other judgment or order at any time within sixty days after the making of such order."

Final judgments and orders subject to appeal are classified for the purposes of appeal by paragraph 1228, Id., as follows:

"Every final judgment of a superior court in any action or proceeding originally brought in such court or brought into that court from another court, except probate proceedings, shall be deemed a final judgment. Every order, judgment or decree of a superior court in a probate proceeding and every order other than a final judgment as above defined, shall be deemed an order, within the meaning of this chapter."

To a certainty, the order granting a new trial is within the definition of "order," *supra*, and, if a party thereto is dissatisfied with the order made, he is given a right to appeal therefrom for a period of sixty days. His failure to perfect his appeal from an order granting his adversary a new trial within sixty days after the said order is made must be presumed, and the law treats such failure as acquiescence in the order and a waiver of all errors, if any therein—presumes that no harm has resulted therefrom.

Unless an appeal is perfected within the period of time given by the statute for taking an appeal, this court acquires no jurisdiction over the cause mentioned in the record brought up, other than the inherent right to dismiss the attempted appeal. These questions are so well recognized that the citation of authorities in their support is unnecessary.

The appeal is dismissed without prejudice.

ROSS and BAKER, JJ., concur.